# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) No. 1605006649
)
ROBERT HEARNE, )
)
Defendant. )

Submitted: September 10, 2020
Decided: December 4, 2020

**Upon Defendant's Motion for Postconviction Relief: Denied**

**ORDER**

This 4th day of December, 2020, upon consideration of the Amended Motion for Postconviction Relief (the "Motion") filed on behalf of Defendant Robert Hearne ("Defendant"), the State's response thereto, the record on this matter, and the applicable legal authorities, including Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"), it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1.      In 2016, the Delaware Division of Family Services reported a possible case of child sexual abuse to the New Castle County Police Department.[1] Detective Charles Levy interviewed the child involved, Theresa, who told him that her father had abused her sexually over an eight-year period.[2] Detective Levy conducted an

---

[1] *Hearne v. State*, 2017 WL 6336910, at *1 (Del. Dec. 11, 2017).
[2] *Id.* at *1. The victim's name has been changed for privacy reasons.

1

investigation that led to Defendant's indictment on more than twenty sexual offenses.[3] On June 20, 2016, a grand jury indicted Defendant on the following charges: six counts of Unlawful Sexual Contact First Degree, eight counts of Rape First Degree, one count of Continuous Sexual Abuse of a Child, two counts of Sexual Abuse by a Person in a Position of Trust Second Degree, one count of Dangerous Crime Against a Child, and one count of Sexual Exploitation of a Child.[4] On January 9, 2017, Defendant was re-indicted to reflect various statutory changes that took effect over the period of the abuse.[5] The revised charges in the reindictment were: five counts of Unlawful Sexual Contact Second Degree, two counts of Unlawful Sexual Contact First Degree, eight counts of Rape First Degree, two counts of Continuous Sexual Abuse of a Child, one count of Sexual Abuse by a Person in a Position of Trust First Degree, two counts of Dangerous Crime Against a Child, and one count of Sexual Exploitation of a Child.[6] The date ranges of the abuse did not change substantially between the indictment and reindictment, ranging from January 2003 to December 2012.[7]

2.    At trial, Defendant was represented by Raymond Armstrong, Esquire ("Trial Counsel"). After a five-day trial, the jury convicted Defendant of seven

---

[3] *Id.* at *1.
[4] Appx. to Def.'s Mot. at A013-A020.
[5] State's Resp. at 2.
[6] Appx. to Def.'s Mot. at A025-A032.
[7] *Id.* at A025-A032.

counts of Rape First Degree, four counts of Unlawful Sexual Contact Second Degree, and one count each of Continuous Sexual Abuse, Sexual Abuse of a Child by a Person in Position of Trust Second Degree, Dangerous Crime Against a Child, and Unlawful Sexual Contact First Degree.[8] The Court sentenced Defendant to seven life sentences plus ninety-five years at Level V.[9]

3. The Delaware Supreme Court affirmed Defendant's convictions on direct appeal.[10] Defendant then filed a timely *pro se* motion for postconviction relief, and counsel was appointed to represent Defendant for purposes of the motion.[11] On January 16, 2020, Defendant filed through counsel his Amended Motion for Postconviction Relief ("the Motion").[12] In the Motion, Defendant argues he is entitled to postconviction relief on the grounds that Trial Counsel was ineffective in not moving for a bill of particulars, which violated Defendant's rights under the Sixth and Fourteenth Amendments.

## ANALYSIS

4. Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule

---

[8] Corrected Sentence Order at 2-4.
[9] *Hearne*, 2017 WL 6336910, at *1.
[10] *Id.* at *4.
[11] Def.'s Am. Mot. at 2-3.
[12] *Id.* at 3.

61.[13] A motion for postconviction relief may be barred for timeliness and repetition, among other things. A Rule 61 motion is untimely if it is filed more than one year after a final judgment of conviction.[14] For a defendant who files a direct appeal, this period accrues when the appeal process is complete.[15] A defendant also is barred from filing successive motions for relief under the rule.[16] Rule 61 further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights."[17] Finally, the Rule bars consideration of any ground for relief that previously was adjudicated in the case.[18]

5.     Notwithstanding the procedural bars, this Court may consider a motion that otherwise is barred if the motion is based upon claims that the Court lacked jurisdiction or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[19] Rule 61(d)(2) requires that the movant plead with particularity that (i) "new evidence exists that creates a strong inference that the movant is actually

---

[13] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[14] Super. Ct. Crim. R. 61(i)(1).
[15] *Younger*, 580 A.2d at 554.
[16] Super. Ct. Crim. R. 61(i)(2); *see* Super. Ct. Crim. R. 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).
[17] Super. Ct. Crim. R. 61(i)(3)(A)-(B).
[18] Super. Ct. Crim. R. 61(i)(4).
[19] Super. Ct. Crim. R. 61(i)(5).

innocent in fact of the acts underlying the charges of which he was convicted;" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."[20]

6.      The parties do not dispute that Defendant's Motion was filed in a timely manner. Defendant's convictions were affirmed by the Delaware Supreme Court on December 11, 2017, and he filed his *pro se* Motion for Postconviction Relief on May 23, 2018. This is Defendant's first motion for postconviction relief, and the Motion therefore is not barred as successive. Defendant's argument that Trial Counsel was ineffective was not previously adjudicated and could not have been raised at an earlier stage in the proceedings.[21] Accordingly, the Motion is not barred procedurally. The Motion nonetheless must be denied because Defendant has failed to prove the elements of an ineffective assistance of counsel claim.

**A.      Defendant's claim for ineffective assistance of counsel fails because Trial Counsel's decision not to move for a bill of particulars was reasonable.**

7.      To prevail on an ineffective assistance of counsel claim, a defendant must establish both that counsel's representation fell below an objective standard of

---

[20] Super. Ct. Crim. R. 61(d)(2)(i)-(ii).
[21] *Whittle v. State*, 2016 W 12585904 (Del. Apr. 28*); State v. Evans-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016). Although not a specific claim in his Motion, Defendant alludes to an argument that the trial court erred by failing to give a unanimity instruction to the jury. This argument could have been raised in Defendant's direct appeal and it therefore is barred.

5

reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[22] There is a strong presumption that counsel's representation was reasonable.[23] Accordingly, mere allegations or conclusory statements will not suffice.[24]

8. Defendant's Motion asserts Trial Counsel was ineffective by failing to file a motion for a bill of particulars. In Delaware, a bill of particulars functions to "supplement the information set forth in the indictment," and "protect the defendant against surprise during trial."[25] When a defendant is unsure of what specific conduct is being alleged to support each count in the indictment, the burden is on the defendant to move for a bill of particulars.[26] When, as in this case, a defendant is charged with several counts of the same offense, a bill of particulars may be especially useful.[27] But, a bill of particulars is limited to clarifying the allegations against the defendant. It is not a discovery device intended to compel the State to disclose evidentiary information.[28]

9. Defendant alleges Trial Counsel was ineffective in failing to seek a bill of particulars because it was unclear from the indictment what alleged incidents the

---

[22] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[23] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[24] *Id.* at 1356; *Monroe v. State*, 2015 WL 1407856, at *3 (Del. March 25, 2015).

[25] *Luttrell v. State*, 97 A.3d 70, 76 (Del. 2014) (citing *Lovett v. State*, 516 A.2d 455, 467 (Del. 1986)).

[26] *Howard v. State*, 2009 WL 3019629, at *4 (Del. Super. Sept. 22, 2009).

[27] *See Asbury v. State*, 2019 WL 4696781, at *4 (Del. Sept. 25, 2019).

[28] *State v. Williams*, 2018 WL 3211962, at *5 (Del. Super. June 29, 2018).

State was using to support each charge.[29] This argument is not persuasive in light of the specific facts of this case, namely (i) the victim's repeated, consistent pretrial statements, all of which were disclosed to Trial Counsel, (ii) the manner in which the indictment described the alleged sexual acts and (iii) Trial Counsel's strategic determination that a bill of particulars only would focus and strengthen the State's trial presentation.

10.     First, unlike the cases on which Defendant relies, the victim in this case gave a detailed statement to the police, which was reflected in the affidavit of probable cause supporting Defendant's arrest warrant and in written notes the victim made. The affidavit of probable cause, witness statements, and victim notes all were provided to Trial Counsel. These statements allowed Trial Counsel to match the counts in the indictment to a specific alleged incident.[30] Conversely, in *Luttrell v. State*, which Defendant cites, the defendant was charged with multiple counts of the same general offense, and the victim's statements repeatedly changed and did not align with the dates in the indictment.[31] The indictment in *Luttrell* also did not contain sufficient facts to differentiate one count from others of the same type.[32] The Court found that, absent a bill of particulars, the defendant was not on notice of the

---

[29] Def.'s Am. Mot. at 18-21.
[30] Trial Counsel Aff. at 2.
[31] *Luttrell*, 97 A.3d at 74, 77.
[32] *Id.* at 77.

specific conduct with which he was being charged and could not prepare a proper defense.[33]

11.    *Luttrell* is distinguishable from the record in this case. The State's trial summation clarified for both the jury and Defendant the precise trial testimony that corresponded to each charged count. Specifically, the State explained to the jury the Unlawful Sexual Contact Second Degree charges related to two specific incidents that occurred when the victim was ages three and four and Defendant touched her vagina and forced her to touch his penis, as well as another incident when she was between four and six years old.[34] The State connected the Unlawful Sexual Contact First Degree charge to an incident when the victim was between four and six years old and Defendant forced her to touch his penis.[35] And, the State explained that the eight Rape charges corresponded to the victim's testimony regarding four specific occasions during which Defendant performed oral sex on the victim and forced her to perform oral sex on him.[36] Unlike in *Luttrell*, the State took several steps in this case to clarify what conduct aligned with what charge and provided sufficient detail for Defendant adequately to prepare his defense without a bill of particulars.

---

[33] *Id.* at 77.
[34] Trial Tr. 171-72, 175.
[35] *Id.* at 172, 175.
[36] *Id.* at 172, 175-77.

12. Second, and relatedly, the indictment also specified the particular sexual act Defendant allegedly committed for each Unlawful Sexual Contact charge.[37] This further served to clarify the particular offenses with which Defendant was charged. In comparison, in *Dobson v. State*, on which Defendant relies, the indictment contained identical date ranges and identical wording for six charges, and the State never clarified which specific incident related to these charges.[38] The indictment in *Luttrell* similarly used identical language to describe each count and parroted the otherwise expansive statute.[39]

13. Finally, Trial Counsel's decision to not request a bill of particulars in this case was strategic. According to Trial Counsel's affidavit, the defense strategy at trial was to attack the victim's credibility and the strength of her memory about particular events.[40] Trial Counsel was concerned, and Defendant agreed, that filing any pretrial motions related to evidence would invite the State to better prepare the victim concerning her prior statements and better prepare its own presentation to the jury. The Court gives substantial deference to counsel's strategic decisions.[41]

14. This case factually is similar to *State v. Williams*, where trial counsel made a strategic decision not to seek a bill of particulars because he believed it would

---

[37] *See* Appx. to Def.'s Mot. at A024-A032.
[38] *Dobson v. State*, 2013 WL 5918409, at *3 (Del. Oct. 31, 2013).
[39] *Luttrell*, 97 A.3d at 73.
[40] State's Aff. at 1-2.
[41] *Id.* at 4; *see State v. Powell*, 2016 WL 3023740, at *25 (Del. Super. May 24, 2016) ("Trial counsel is afforded wide latitude in making strategic trial decisions . . . ").

9

not assist the defense.[42] The court in *Williams* determined that, because trial counsel's failure to seek a bill of particulars was strategic, any failure to file objectively was not unreasonable.[43] Defendant attempts to distinguish *Williams* on the basis that the State in *Williams* articulated which allegations corresponded with which indictment count.[44] As set forth above, however, the combination of the indictment and pretrial discovery placed Defendant and his Trial Counsel on notice of the specific conduct with which he was charged.

**B.    Defendant was not prejudiced by Trial Counsel's decision not to seek a bill of particulars.**

15.    Even if Trial Counsel's decision to not seek a bill of particulars fell below an objective standard of reasonableness, Defendant is not entitled to postconviction relief because he has not demonstrated prejudice arising from the absence of a bill of particulars. Prejudice is defined under *Strickland* as the "reasonable probability that, *but for* counsel's errors, the result of the proceeding would have been different."[45] Defendant must make specific allegations of prejudice and substantiate them.[46]

16.    Defendant does not meet this burden. A bill of particulars may be helpful or even necessary in some cases involving multiple, similar counts, but it is

---

[42] *Williams*, 2018 WL 3211962, at *5.
[43] *Id*. at *5.
[44] Def.'s Reply at 7.
[45] *Strickland*, 466 U.S. at 687-88 (emphasis added).
[46] *Wright*, 671 A.2d at 1356; *Monroe*, 2015 WL 1407856, at *3.

not necessary in every case, and the absence of a bill of particulars in any given case does not lead inexorably to the conclusion that a defendant was prejudiced.[47] Although Defendant did not receive a bill of particulars in this case, the State provided discovery along with the indictment and specifically addressed what conduct correlated with what alleged crime.[48] Defendant has not alleged any particular facts that indicate the information provided by the State was insufficient to put him on notice, nor has he shown how a bill of particulars would have remedied such a problem. In contrast, the cases on which Defendant relies both involved specific, identifiable instances of prejudice that Defendant has not raised in his Motion. In both *Dobson* and *Luttrell*, the absence of a bill of particulars was linked to the introduction into evidence of additional, uncharged crimes.[49] Accordingly, Defendant has not shown that but for Trial Counsel's failure to request a bill of particulars, there is a reasonable probability he would not have been convicted at trial.

---

[47] *See Dobson*, 2013 WL 5918409, at *3 (failure to request a bill of *particulars or otherwise become informed through discovery* of which acts corresponded to which crimes amounted to ineffective assistance of counsel).
[48] *See* ¶¶ 10-12, 14, *infra.*
[49] *Dobson*, 2013 WL 5918409, at *3; *Luttrell*, 97 A.3d at 77-78, n.18.

## CONCLUSION

NOW, THEREFORE, IT IS ORDERED that Defendant's Amended Motion for Postconviction Relief is **DENIED.**

Abigail M. LeGrow, Judge